CARRIE HERZIG, as Administratrix of the Estate of HELENA HERRMAN, Deceased, Plaintiff, v. SIMON HERZIG, Defendant.

(Supreme Court, New York Special Term, April, 1910.)

Bailment — Gratuitous bailments — Liability of bailee for nonfeasance.

> The rule that a gratuitous bailee is not liable for mere non-feasance is not applicable when the subject of the bailment has been actually delivered to and accepted by him.

Demurrer to complaint.

John A. Garver, for plaintiff.

Abram G. Meyer, for defendant.

Whitney, J.     Plaintiff alleges that at defendant's request she delivered to him a certain non-negotiable promissory note for collection, and in consideration thereof he undertook to use due diligence in collecting, but that he made no effort to do so, and that the note is no longer collectible. She does not allege that defendant was anything more than a gratuitous bailee or mandatary.     Defendant relies on the principle of Thorne v. Deas, 4 Johns. 84, that a gratuitous bailee is not liable for non-feasance, but only for misfeasance.     This rule, however, does not apply when the thing which is the subject of the bailment has been actually delivered to and accepted by the mandatary.     Story Bailm., §§ 171a–171c; Holt, C. J., in Coggs v. Bernard, Ld. Raym., 909; Smith Lead. Cas. 199.     Cases in other States to this effect are collected in a note to 5 Cyc. 180.     See also note to 2 Pars. Cont. 99.     This makes it unnecessary to consider whether the complaint states also a cause of action for conversion.     Demurrer overruled, with costs, with leave to answer on payment of costs.

Demurrer overruled, with costs, with leave to answer on payment of costs.